OPINION of the Court, by
Ch. J. Boyce.-
This was an action of ejectment, on the tidal of which the defendants having proved an adverse possession of twenty years before the commencement of the action, the lessor of the plaintiff produced evidence that he had at all times been a resident of the state of Virginia, and out of this commonwealth, and thereupon moved the court to instruct the jury that his right of entry was not tolled by the adverse possession of the defendants, and that the act of January 1814, (5 vol, LawsKy. 162) in placing persons out of this commonwealth upon the same footing as the citizens of this state, was a violation of the compact with the state of Virginia, and'therefore unconstitutional ; but the court refused to so instruct the jury, to which the plaintiff’s counsel excepted.
The first question the case presents, therefore, is, whether the court erred in not giving these instructions to the jury?
It is perfectly Clear, that the right of entry of the lessor of the plaintiff was tolled by the adverse possession of the defendants, unless, as it respects,, him, the act of January 1814, repealing the saving in the statute of limitations in favor of persons out of this commonwealth, should be deeffied unconstitutional, as being contrary to the compact between Virginia and Kentucky. Whether that act should be considered a violation of the compact in relation to the citizens or residents of any other state or country than that of Virginia, is a question we do not think material to decide in this case, nor are we to be understood as giving any opinion upon it: for be that as it may, we entirely accord with the court below, that as far as relates to the lessor of the plaintiff, who w as a citizen of Virginia* the act of January 1814 does potcon- *562 travene the provisions of the compact. By the laws of Virginia, as they stood at the time of entering into the compact, he was bound to make his entry within twenty years from the time his right of entry accrued ; and the compact, on any construction of it, could only secure to him the continuance of his right as he then held it. The legislature of this country, therefore, was not bound by the terms of the compact, when enacting the statute of limitations, to save or except his right from its operation ; and as they were under no obligation to make such a saving or exception, they most indisputably might repeal it, whenever they thought it expedient to do so» without violating the provisions of the compact.
Judgment affirmed.